In re Cameron F. POCKLINGTON dba Valley R. V. & Auto Sales, Debtor.

AUTO AUCTION, INC. dba Los Angeles Dealer Auto Auction, a California corporation, Plaintiff,

v.

Cameron F. POCKLINGTON dba Valley R. V. & Auto Sales, Harry Heid, Trustee, Defendants.

No. 81–03493–P.
Adv. No. C81–1347–P.

United States Bankruptcy Court,
S. D. California.

June 22, 1982.

---

Jeffrey Isaacs, Procopio, Cory, Hargreaves & Savitch, San Diego, Cal. for plaintiff Auto Auction, Inc., dba Los Angeles Dealers Auto Auction.

Cameron F. Pocklington, defendant propria persona.

Harry W. Heid, trustee pro se.

## MEMORANDUM OF OPINION

ROSS M. PYLE, Bankruptcy Judge.

The trial of this adversary proceeding was set for November 17, 1981. At that time Cameron F. Pocklington, a Chapter 13 Debtor, moved the Court to dismiss the Chapter 13 case pursuant to 11 U.S.C. § 1307(b). The Court granted Pocklington's motion, but, because of the potential of irreparable harm to the plaintiff, AUTO AUCTION, INC., the Court retained jurisdiction over this adversary proceeding. This Memorandum is written to explain the Court's Decision.

### FACTS

Cameron F. Pocklington filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on October 3, 1981. Although the Debtor received two extensions of time in which to file Schedules, no Schedules were ever filed. The Debtor is the owner and operator of VALLEY R. V. and AUTO SALES. In the course of that business Pocklington purchased vehicles for resale from Los Angeles Dealer Auto Auction (Auto Auction). He paid Auto Auction for the vehicles with "auto purchase sight drafts" which were dishonored at presentation by Pocklington's bank.

On October 27, 1981, Auto Auction filed a Complaint for Relief from the Automatic Stay. The complaint asked for (1) return of the vehicles, still in the Debtor's possession, for which Auto Auction held dishonored drafts; (2) a temporary restraining order to prevent Pocklington from selling or transferring the vehicles still in his possession, and prohibiting the transfer of any of the proceeds from the sale of vehicles for which Auto Auction held dishonored drafts; and

(3) an order directing Pocklington to pay to Auto Auction all proceeds arising from the sale or other disposition of vehicles, and to pay Auto Auction the agreed purchase price of any vehicle which Pocklington could not redeliver to Auto Auction.

At the initial hearing the Court refused to freeze Pocklington's bank accounts, but did restrain him from taking any action to sell, transfer, remove, or otherwise dispose of Auto Auction vehicles, and any identifiable proceeds thereof. The Court also ordered Pocklington to make available to Auto Auction all records regarding sales of Auto Auction vehicles, and records of deposits made into Debtor's bank accounts within the prior 30 days. The Order was designed to give the Plaintiff the opportunity to determine whether Pocklington held identifiable proceeds from sales of Auto Auction vehicles.

On October 30, 1981, after it appeared that Pocklington was not providing information required by the original order, the Court modified the temporary restraining order and restrained Pocklington from using any funds then on deposit in his bank accounts pending a Preliminary Injunction Hearing. At the Preliminary Injunction Hearing on November 6, 1981, in response to Pocklington's contention that he could not continue to operate his business so long as he was restrained from using his bank accounts, the Court again modified its order. The modification permitted the Debtor to open and use new bank accounts for personal and business matters, but left the existing accounts frozen. The Court also issued a preliminary injunction and determined that the trial on the complaint would be bifurcated. November 17, 1981 was set as the date for trial of the issues relating to Auto Auction's claimed right to return of the vehicles still in Pocklington's possession, and December 9, 1981, was set for trial of all other issues raised by Auto Auction's complaint.

At the November 17 hearing, Pocklington, having dismissed his attorneys, appeared in *propia persona* and asked that his Chapter 13 case be dismissed pursuant to 11 U.S.C. § 1307(b).[1] Auto Auction opposed the request for dismissal despite the fact that all stays would be automatically terminated. Auto Auction argued that its complaint should be litigated to a conclusion before the Court dismissed the Chapter 13 case. The Court dismissed the Chapter 13 case but retained jurisdiction over the adversary proceeding pursuant to 11 U.S.C. § 349.[2]

## DISCUSSION

It is clear that Pocklington had the absolute right to dismiss the case under § 1307(b). It is also clear that the rights of Auto Auction would be prejudiced by dismissal of the adversary proceeding. Pocklington voluntarily sought the protection of the Bankruptcy Court when he filed his Chapter 13 petition. In reliance upon the existence of the Chapter 13 case, Auto Auction filed its complaint for injunctive relief and return of its property in the Bankrupt-

---

**1.** 11 U.S.C. § 1307(b) provides as follows:

(b) On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

**2.** 11 U.S.C. § 349 states:

"(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed.

(b) *Unless the court, for cause, orders otherwise*, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." [Emphasis Added.]

cy Court. At the time the complaint was filed the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. § 1471.[3] Indeed the Bankruptcy Court was the *only* forum available to Auto Auction when it filed its complaint.

In similar circumstances, the Bankruptcy Court for the District of Nevada held that jurisdiction over an adversary proceeding continued after dismissal of the underlying Chapter 11 case. *In re Lake Tahoe Land, Co., Inc.*, 12 B.R. 479 (Bankr.D.Nev.1981). The Court found that jurisdiction existed at the time the complaint was filed and that the automatic stay prevented the plaintiff from filing its complaint in any court other than the Bankruptcy Court. By the time the Chapter 11 case was dismissed the statute of limitations had run on plaintiff's cause of action, thus barring the refiling of the complaint in the State Court. In maintaining its jurisdiction the Court stated: "Once jurisdiction attached in this adversary action, reason and logic require that jurisdiction continue notwithstanding the dismissal of the underlying bankruptcy [case]." *Id.* at 480.

■ As a practical matter, generally the dismissal of a bankruptcy case results in the dismissal of all adversary proceedings filed in that case.[4] Section 349 of the Bankruptcy Code, however, reserves to the Court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case. H.R. 95–595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 48–49 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ In the present case, the Court had previously determined that Auto Auction was entitled to an order restraining Pocklington from using his bank accounts which were active during the time that Auto Auction vehicles were transferred to purchasers. The order was necessary to enable Auto Auction to determine if any funds in the accounts were traceable to the sales of any Auto Auction vehicles still unpaid for by the Debtor. Dismissal of this adversary proceeding would have vacated the restraining order and allowed the Debtor to use the frozen accounts. Such use would have further complicated Auto Auction's already difficult task of attempting to trace funds from any sales of Auto Auction Vehicles.

In addition to the problem of tracing sale proceeds, dismissal of the adversary proceeding on the threshold of a final determination of Auto Auction's rights could also have prejudiced plaintiff's attempt to recover those vehicles still in Pocklington's possession. If not under the control of this Court, Pocklington could have freely transfered the vehicles to *bona fide* purchasers and placed the vehicles beyond Auto Auction's reach.

Policies of judicial economy also favor retention of jurisdiction over this adversary proceeding. This Court had already heard testimony and received documentary evidence in the preliminary injunction proceedings, and the matter had been set for trial. Dismissal likely would have resulted in Auto Auction refiling its lawsuit in State Court. It would have been a waste of judicial resources to require Auto Auction to educate another court as to the facts and issues in this proceeding.

## CONCLUSION

■ The jurisdiction granted to the Bankruptcy Court under 28 U.S.C. § 1471 is broad. Nothing in § 1471 prohibits the

---

**3.** 28 U.S.C. § 1471(b) provides as follows:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

**4.** General Order No. 119, U.S.B.C. S.D. Cal. provides in pertinent part as follows:

"(2) Whenever a bankruptcy case is dismissed by Order of the Court, any adversary proceeding then pending in which final judgment has not been entered shall likewise be deemed dismissed without prejudice and without further order of the court...."

continuation of jurisdiction over an adversary proceeding, which arose in or was related to a case under Title 11, following the dismissal of the underlying bankruptcy case. Section 349 of the Bankruptcy Code clearly contemplates continuation of jurisdiction in appropriate circumstances. In most cases, of course, it will be unnecessary for the Court to exercise jurisdiction beyond the pendency of the underlying case. However, where a debtor voluntarily seeks relief in the Bankruptcy Court and a lawsuit, which has a life apart from the bankruptcy case, is properly filed against the debtor, it is unfair to the plaintiff to uproot the lawsuit in the midst of litigation and require it to take its cause of action elsewhere.