In re George S. RUSH, d/b/a Rush Engineers, Debtor.

The HOME INSURANCE COMPANY and George S. Rush, d/b/a Rush Engineers, Plaintiffs,

v.

THOMAS DUCKETT CONSTRUCTION COMPANY, INC., Thomas Duckett and Ronald P. Thompson, Defendants.

Bankruptcy No. 80-04078.
Adv. No. 81-0192.

United States Bankruptcy Court, N.D. Alabama.

April 24, 1985.

Gus H. Small, Atlanta, Ga., and Thomas J. Knight, Anniston, Ala., for debtor-plaintiff George S. Rush.

David B. Anderson, Birmingham, Ala., for plaintiff Home Ins. Co.

Ronald P. Thompson, Albertville, Ala., and David Lee Jones, Guntersville, Ala., for defendants Thomas Duckett Const. Co., Inc., Thomas Duckett, and Ronald P. Thompson.

## INTRODUCTION, CONCLUSIONS, AND ORDER ON MOTION FOR ENFORCEMENT OF ORDER AND SETTLEMENT

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction*—

The above-styled case was commenced by an involuntary petition filed under title

11, chapter 7, United States Code, by The Home Insurance Company and others, in the predecessor to this Court, on July 31, 1980. Said case, however, is not pending before this Court, having been dismissed out of court by an order therein on March 19, 1981.

Shortly before the dismissal of said case, the principal petitioner, The Home Insurance Company, and the alleged debtor, George S. Rush, having settled the many-faceted, huge, and heated unpleasantness between them, commenced this adversary proceeding against a third party (not one of the petitioners). Before the adversary proceeding was three weeks old, attorneys for the plaintiffs and for the defendants, respectively, submitted to the Court an order to be entered in the proceeding, and the order was signed by the bankruptcy judge and filed in the proceeding on March 18, 1981. Attached to the order was a "SETTLEMENT AGREEMENT," executed on behalf of Thomas Duckett Construction Company, Inc., and George S. Rush. This agreement provided for the entry of said order and for various actions and releases on the part of the two signatories. The order entered by the Court did not confirm or approve the settlement agreement but only did or provided as follows: (1) adjudged and declared null and void a sheriff's levy upon, and sale of, certain real property there described; (2) provided that a copy of the order could "be entered on the probate records of Lee County, Alabama"; and (3) recited that the order would "completely dispose of and resolve all issues set forth in the above captioned adversary proceeding." No other order or pleading was entered in the adversary proceeding, after the entry of said order.

The dismissal of the bankruptcy case was ordered after a hearing upon a motion to dismiss by the petitioning creditors and after four objections to dismissal had been overruled by the Court, all upon notice by mail to the parties in interest. At the direction of the bankruptcy judge, the order in the adversary proceeding, entered March 18, 1981, was served by copies sent by certified mail, and the adversary proceeding file shows delivery of such a copy to the office of the attorney of record for The Home Insurance Company, on March 23, 1981.

These matters remained dormant until the attorney for George Rush filed a "MOTION FOR ENFORCEMENT OF ORDER AND SETTLEMENT," on February 10, 1983. For some reason unknown to the bankruptcy judge, the motion was not set for a hearing. Apparently, the attorney for Rush made no further effort to bring the matter before the Court until September 14, 1984, when a Motion for Summary Judgment was filed on behalf of Rush. The latter motion came before the Court for a hearing on October 16, 1984, and there now have been filed separate briefs on behalf of the Home Insurance Company and on behalf of George Rush, contending that the original motion should be granted. A memorandum in opposition to the motion has been filed on behalf of the defendants, and the motion is now submitted for a ruling by the bankruptcy judge.

*Conclusions by the Court—*

The attorney for Rush alleges in the original motion that "civil actions of defendant were satisfied and released" and "[t]he continuance of the said civil action by said defendant was in violation of said order and settlement...." The motion sheds no further light upon Rush's dissatisfaction with whatever it is that "said defendant" *[sic]* has done or is doing. In the brief for Rush, it is asserted that "starting a new court into a dispute which has already had some history creates an additional burden on the judicial system as well as a burden upon the litigants." Obviously, a directive by this Court to Rush to seek relief elsewhere will create no burden upon this portion of the judicial system and creates no unwanted burden upon the defendants, as is demonstrated by their opposition to the granting of the motion.

In the brief, it is also stated that "it would appear that the specific congressional intention is to place all bankruptcy law questions in the federal system." It is a

*non sequitur* to argue from that proposition that this bankruptcy court should give any serious consideration to the granting of Rush's motion, for the bankruptcy case was dismissed at the instance of the petitioning creditors, without any entry of an order for relief. As an aside, one fairly creditable view of the bankruptcy case would be that its primary purpose was to litigate with Rush various claims of the Home Insurance Company, in a forum where a jury trial would not be had and a disposition of the claims would likely be obtained on a more expedited basis than in other courts. As a further aside, the record in the bankruptcy case shows that Home Insurance Company had numerous claims against Rush, for losses running into six or seven figures which were grounded in its having become surety on various bonds as to which Rush was the principal.

 The matter before the Court raises the question of whether an adversary proceeding such as the one here may have any life independent of the bankruptcy case in which it is instituted. It appears obvious that the adversary proceeding could not be brought in the bankruptcy court if there were no bankruptcy case in which it might be instituted. In other words, the matters complained of in the adversary proceeding must have some semblance of relationship to a bankruptcy case in order to make it the business of the bankruptcy court. Although there is some contrary authority as to the other question of whether a properly-filed adversary proceeding may have any independent life after the closing of the bankruptcy case as to which it is a satellite,[1] the bankruptcy judge does not see how, in legal theory, the adversary proceeding can survive the closing of the bankruptcy case in which it was commenced, nor does it appear that the bankruptcy court can enter an order in an adversary proceeding which terminated before or at the time that the bankruptcy case was closed, unless the bankruptcy case is reopened.

 There may be some question as to whether this adversary proceeding has been terminated other than by the dismissal of the bankruptcy case. Such an order would have been appropriate, if needed, because the adversary proceeding became moot upon the filing of the settlement agreement between Rush and one of the defendants. Although not signatories to that agreement, it is apparent that the other plaintiff, The Home Insurance Company, Inc., was a tacit party to the agreement, as well as were the other two defendants. If an order terminating this adversary proceeding was appropriate and not entered, the termination should now be ordered, *nunc pro tunc.*

It may be, however, that no termination order was needed, because the settlement agreement executed for George Rush and Thomas Duckett Construction Company, Inc., may well constitute a stipulation for dismissal as provided for in *Fed.R.Civ.P.* 41(a) made applicable by 1973 *Bankr.R.* 741, with an exception not relevant here.[2] Again, the other parties to the adversary proceeding may be said to be parties to the stipulation for dismissal, because it is obvious that all parties to the litigation approved of the written settlement between two of them and the entry by the Court of the order submitted to it.

The motion on behalf of Rush purports to seek to have this Court enforce both its order and the agreement. There is nothing in the Court's order to enforce. As stated previously, the Court's order voided the sheriff's levy and sale of a certain piece of real property, provided that a copy of the order could be filed for public record, and recited that the order settled all of the

**1.** *In re Funket,* 27 B.R. 640, 10 B.C.D. 340 (B.C. M.D.Pa.1982); *In re Lake Tahoe Land Co., Inc.,* 12 B.R. 479, B.L.D. ¶ 68,257, 4 C.B.C.2d 1089 (B.C.D.Nev.1981); *cf. In re Pocklington,* 21 B.R. 199, 9 B.C.D. 409, B.L.D. ¶ 68,743, 7 C.B.C.2d 185 (B.C.S.D.Cal.1982). Section 349(b) of title

11 does *not* contain any implication of support for the view that an adversary proceeding may exist *dehors* a bankruptcy case.

**2.** 1983 Bankr.R. 7041 is similar.

disputes between the parties. The settlement between the parties has never been judicially considered by the Court and the Court has never made an order approving or confirming it.

■ A remaining question may have some bearing upon the future course to be pursued on behalf of Rush. That is whether the bankruptcy court should undertake to enforce the settlement agreement, if it were established that a party had acted or was acting in violation of the terms of the agreement. The Court does not believe that it should do so. There does not seem to be any good reason why whatever dispute now exists between some of these parties should not be resolved in some other court. As noted, all bankruptcy matters, such as they were, have long since been laid to rest. In any event, the bankruptcy judge believes that a like decision in a similar situation was correctly decided by the district judge in *Musifilm, B.V. v. Spector,* 568 F.Supp. 578 (S.D.N.Y.1983). Beginning at page 580, Judge Tenney stated as follows:

The circuits are split on the question whether a district court has the power to enforce a settlement agreement that was not approved by the court or made part of its order of dismissal. *Compare Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371–72 (6th Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976), *with Fairfax Countywide Citizens Ass'n. v. County of Fairfax,* 571 F.2d 1299, 1302–03 (4th Cir.), *cert. denied,* 439 U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978). *In Aro Corp.,* the Sixth Circuit concluded that the district court does have the power to enforce such an agreement. However, in *Fairfax* the Fourth Circuit concluded that "the district court is *not* so empowered unless the agreement had been approved and incorporated into an order of the court, or at the time the court is requested to enforce the agreement, there exists some independent ground upon which to base federal jurisdiction." *Fairfax Countywide Citizens Ass'n, supra,* 571

F.2d at 1303 (footnote omitted). *Accord Backers v. Bit-She,* 549 F.Supp. 388 (N.D.Cal.1982); *see also Denali Seafoods, Inc. v. Western Pioneer, Inc.,* 92 F.R.D. 763 (W.D.Wash.1981). This Court agrees with the *Fairfax* court's conclusion. Once an action has been terminated, a district court has no power to enforce a settlement which it neither ordered nor approved, absent an independent ground of jurisdiction.

As the court in *Fairfax* stated:

A district court is a court of limited jurisdiction "[a]nd the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction till the contrary appears," *Turner v. President, Directors and Company of the Bank of North America,* 4 Dall. 7, 10, 1 L.Ed. 718, 719 (1799). The burden of establishing jurisdiction is on the party claiming it. *McNutt v. General Motors Accept. Corp.,* 298 U.S. 178, 182–83, 56 S.Ct. 780 [782], 80 L.Ed. 1135 (1936).

571 F.2d at 1303. Defendants, who claim jurisdiction, have not alleged any independent ground for jurisdiction. . . .

Beginning on page 582, it is further stated, as follows:

Moreover, the policy considerations that support enforcement of settlement agreements do not dictate a contrary result. It is unlikely that a party's willingness to enter into a settlement agreement will be adversely affected by the knowledge that, if the agreement is not in the record and ordered by the court, the settled action will not provide a forum for resolution of all subsequent disputes involving that agreement. Nor will any notions of judicial economy be served by deciding the dispute in the context of this action, since the present dispute is separate and distinct from the dispute underlying the original action.

Accordingly, defendants' motion for an order enforcing the settlement agree-

ment is denied.... [footnote numbers and notes omitted.]

If it were found that the adversary proceeding has not been terminated by stipulation and was not terminated by the dismissal of the bankruptcy case, or if it were ordered that the bankruptcy case (on an appropriate motion by Rush) be reopened, it would not be appropriate and would serve no desirable judicial policy or purpose for the bankruptcy court now to entertain a resolution of a current dispute between Rush and one of the defendants to the adversary proceeding, even with the support of, or at the instance of, the Home Insurance Company. Questions of jurisdiction of the bankruptcy judge to entertain the issues raised by Rush's motion aside, the Court surely has jurisdiction to deny or dismiss the motion.

*Order of the Court—*

In view of the foregoing, it is ORDERED by the Court, in the alternative, as follows:

1. It is ADJUDGED that the above-styled adversary proceeding was dismissed out of court by stipulation of all of the parties to said proceeding; or

2. The above-styled adversary proceeding, being rendered moot by a settlement by the parties of the matters in controversy therein, is dismissed out of court, *nunc pro tunc*, March 18, 1981.

In view of the foregoing, it is further ORDERED by the Court that the original motion filed by George Rush on February 10, 1983, and the motion for summary judgment filed for him on September 14, 1984, are, and each is, denied or dismissed out of court, as may be appropriate, that the clerk of the bankruptcy court shall send a copy of this order through the United States mails to Attorneys Thomas J. Knight, David B. Anderson, Gus H. Small, Jr., Ronald P. Thompson, and David Jones, being all of the attorneys of record for parties to said adversary proceeding, and that this shall be sufficient service and notice hereof.