**In re Robert E. LERCH and M. Marie Lerch, Debtors.**

**No. 87 B 30211.**

United States Bankruptcy Court, N.D. Illinois, W.D.

March 17, 1988.

Bradley Koch, Rockford, Ill., for the Bank.

Rolland McFarland, Rockford, Ill., for Robert Olson.

Melvin L. Schlueter, Rockford, Ill., for Lowell Seagren.

Mark Merritt, Rock Falls, Ill., Terry A. Zelinski, Fayetteville, Ark., for debtors.

Daniel M. Donahue, Rockford, Ill., Mark J. McClenathan, for FLB.

### MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the First National Bank of Freeport (Bank) to Reconsider and Amend Order of Dismissal, the Petition of Robert Olson (Landlord) to Enforce Landlord's Lien in 1986 Crop Proceeds, the Motion of Lowell Seagren (Landlord) to Amend Order of Dismissal and the Motion of the Federal

Land Bank (FLB) to Reconsider and Amend Order of Dismissal. The Bank is represented by Attorney Bradley T. Koch. Robert Olson is represented by Attorney Rolland J. McFarland. Lowell Seagren is represented by Attorney Melvin L. Schlueter. The FLB is represented by Attorney Daniel M. Donahue and Attorney Mark J. McClenathan. The Debtors are represented by Attorney Terry A. Zelinski.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors filed for relief under Chapter 12 of the Code on February 11, 1987. During the administration of the case, many actions were taken, including the avoidance of certain landlord's liens. By late 1987, most, if not all, creditors came to agreements with the Debtors on a plan of reorganization. Then, unexpectedly, the Debtor, Robert E. Lerch, passed away. At about that same time, the attorney representing the Debtors was temporarily suspended from the practice of law. After some delay, Mrs. Lerch was able to obtain new counsel. It soon became apparent that Mrs. Lerch could not reorganize the farm, and on February 8, 1988, she moved to dismiss the case. This Court entered an Order on February 8, 1988, that dismissed the case and gave creditors 10 days to file motions pursuant to Section 349 of the Code.

The Motions before the Court are in response to that Order. In essence, the Motions of the Bank and the Landlords request the Court to retain jurisdiction of the case to determine the validity and priority of the heretofore avoided landlords' liens in the Debtor's cash collateral account. The FLB requests that the Order of Dismissal be amended to prohibit the Debtor from filing a bankruptcy petition for a period of two years. The Debtor does not object to this Court retaining jurisdiction over the dispute between the Bank and the Landlords, but objects to any limitations placed on the Debtor's ability to file a petition in the future.

The Court has taken the matter under advisement for two reasons. The first is that the Court has some reservations whether it has jurisdiction to decide matters after a case has been dismissed by a debtor and second, whether the Court has jurisdiction, in light of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), to enter orders in the matters that the various parties intend to litigate.

Section 349 of the Code provides:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The Court may, *sua sponte*, raise questions of jurisdiction. *In re Sturm*, 66 B.R. 325 (Bankr.N.D.Ill.1986); *In re Dr. C. Huff Company, Inc.*, 44 B.R. 129 (Bankr.W.D. Ky.1984). Section 1208 of the Code provides that a Chapter 12 debtor may at any time request to, and the court shall, dismiss the case. The section is absolute and this Court is of the opinion that dismissal may

not be held up to litigate matters under Section 349. On the other hand, Section 349 provides that upon dismissal, certain things happen. Section 349 further provides that the court, for cause, may alter the effects of Section 349.

The bankruptcy court's jurisdiction to decide any matter is invoked by the filing of a bankruptcy petition. Absent that filing, the bankruptcy court is without power to decide the rights of any parties.[1] On the other hand, during the pendency of a bankruptcy case, especially a reorganization case, the court enters orders that alter the rights of parties and the parties themselves enter into agreements that alter their rights; all because of the peculiarities of bankruptcy.

In Chapters 11, 12 and 13, the debtor, under most circumstances, is given the right to dismiss his case. As a result, creditors who may have compromised their positions in light of an anticipated reorganization now have no reorganization to look forward to. Section 349 attempts to remedy this situation by undoing what has been done and place the parties in the positions they were in at the time of filing.

■ However, Section 349 acknowledges that some cases, such as the case at bar, have progressed so far that judicial interference is needed to unravel or preserve the rights of the parties. Read together, Section 349 and Sections 1112, 1208 and 1307 allow the bankruptcy court to retain jurisdiction over a matter after the dismissal of a case. *See, In re Stardust Inn, Inc.,* 70 B.R. 888 (Bankr.E.D.Pa.1987); *In re Pocklington,* 21 B.R. 199 (Bankr.S.D. Cal.1982); *but see, In re Rush,* 49 B.R. 158 (Bankr.N.D.Ala.1985).

■ The more difficult question is whether the bankruptcy court has jurisdiction to decide the specific issues which the parties intend to bring before the court. For a detailed discussion on this Court's view of bankruptcy jurisdiction, see *In re Sturm.* A bankruptcy court's jurisdiction

over particular suits is dependent on whether bankruptcy law or state law applies and the relatedness of the suit to the bankruptcy case. At one extreme, a preference action almost wholly involves bankruptcy law and is well within the bankruptcy court's core jurisdiction. At the other extreme, a priority fight between two secured creditors in property in which a Chapter 7 trustee has no interest wholly involves state law and does not affect the administration of the estate, so that the court would have no jurisdiction, not even related jurisdiction; and could not hear the matter.

■ At first blush, the issues that the Bank and the Landlords anticipate litigating more resemble the latter than the former; it appears this will be a priority fight among secured creditors. However, upon closer examination, the inquiry will be whether Section 349 should be recognized or suspended. The ultimate question of priority may rely on state law, but the initial questions of validity will hinge upon bankruptcy law.

\* \* \*

The final issue raised is whether dismissal of the case should be with prejudice against refiling future cases. The Debtor argues that it should not and contends that Section 109(g) of the Code is Congress' exclusive method of protecting creditors from abusive filings. Section 109(g)(2) of the Code provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

\* \* \* \* \* \*

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

---

1. *But see, In re An Unknown Group of Cases Seeking To Be Filed,* 79 B.R. 651 (Bankr.E.D.Va. 1987).

11 U.S.C. Section 109(g)(2). However, Section 349(a) states that *unless the court orders otherwise*, the dismissal does not prejudice the debtor on refiling, "except as provided in section 109(f) (now 109(g)) of this title". The Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S. Code Cong. & Admin.News 1978, p. 5787 state, "Subsection (a) specifies that unless the court for cause orders otherwise, the dismissal of a case is without prejudice". This Court finds that Congress intended that the Court may look beyond Section 109(g) and prohibit a debtor from filing a case for more than 180 days.[2]

\*    \*    \*

■ The question becomes whether the order for Dismissal should be with prejudice. The Court is of the opinion that it should. This Chapter 12 case has been pending for over a year. Many actions were taken, but reorganization has failed. As a result, the Court has a case that is more complex to handle as a dismissed case than as a pending one. There is a strong sense that creditors should not be subjected to a repeat of the torturous and expensive journey they have just been through. Therefore, cause has been shown to prohibit the filing of another case, other than Chapter 7, by the Debtor for a period of two years.

On the basis of the foregoing:

1. The Court shall retain jurisdiction over the matter for the purpose of determining whether Section 349 applies to various Orders entered in this case; and,

2. The Order dismissing this case should be Amended to prohibit the Debtor from filing a petition under Chapters 11, 12 or 13 of the Code for a period of two years from the date of said Order.

IT IS SO ORDERED.

---

**2.** In this Court's experience, if there is one area of bankruptcy law that Congress needs to address definitively, it is the problem inherent in serial filings (including the filing of a case under one chapter while a case under another chapter is pending). Section 109(g) only touches the tip of the abuseberg.