**Joseph E. HUDAK, Plaintiff,**

v.

**Robert WOODS, Michael S. Geisler and Richard O'Brian, Defendants.**

**Civ. Act. No. 87–1999.**

United States District Court,
W.D. Pennsylvania.

Oct. 21, 1988.

Joseph Hudak, Robert O. Lampl, William G. Suter, Jr., Pittsburgh, Pa., for plaintiffs.

Raymond J. Seals, Pittsburgh, Pa., for James Shepard & Debbie Hardy.

Charles F. Scarlata, Pittsburgh, Pa., for Woods & O'Brian.

Michael S. Geisler, Pittsburgh, Pa., pro se.

Yaier Y. Lehrer, Norma Chase, Pittsburgh, Pa., for Geisler.

## MEMORANDUM OPINION

ROSENBERG, District Judge.

The defendant filed a Motion to Dismiss this action and to dissolve an injunction previously entered for the following reasons: 1) that the plaintiff failed to file briefs as the defendants indicate were mandated by the court; 2) that in part, the action is merely a relitigation of a matter which was the subject of a criminal prosecution in the Allegheny County Court of Common Pleas; and 3) that this court lacks jurisdiction over this matter because it is grounded in the pendency of a bankruptcy petition which has since been dismissed.

As to the first contention that the plaintiff failed to file briefs, the defendant evidently is not cognizant of the fact that briefs are not a matter of record, but are only documents usually requested by the court to aid the court in defining facts and in presenting authority which the court might desire. In this case, the court actually saw no need for briefs because it merely suggested that if the parties wished to file briefs, they could do so within certain periods of time. That did not make it man-

---

datory for anyone to file briefs and, therefore, this contention is without merit.

As for the defendants' contention that this is now relitigation of what occurred in the Common Pleas Court, that, too, is without merit because while there were considerable references made to actions in the Court of Common Pleas which involved the plaintiff as brought by the defendant Woods, there was nothing in the instant case which relitigated anything which occurred there. So, this contention lacks merit.

As for the third contention that this court has no jurisdiction for the reasons which they set forth, the movants again show a lack of knowledge of the processes in which this case has arrived in this court. The bankruptcy case was originally filed in that court, Bankruptcy No. 87–1851, as an involuntary action brought by counsel, Yaier Y. Lehrer, presenting the involuntary bankruptcy petition. The second matter in this action was the bankruptcy adversary proceeding docket at 87–00356. The adversary proceeding was brought before this court, as the docket entries show, on September 16, 1987 as motion for a temporary restraining order and this court withdrew the matter from bankruptcy court and assigned to the United States District Court this adversary proceeding. It stated "this withdrawal is for the purpose of correcting and modifying the same as an appropriate action for a preliminary injunction, Civil Action No. 87–1999," and was assigned to this judge in this court. Jurisdiction was accepted, received, retained by court order on September 22, 1987, and still exists in this court.

When the defendants in their motion to dismiss set forth the fact that "this court lacks jurisdiction over this matter in as much as the court's original jurisdiction was grounded on the pendency of a bankruptcy petition which has long sinced been dismissed" (Def. Motion to Dismiss, p. 2 (11), they refer to Item 24 in the bankruptcy proceeding 87–1851 dated November 30, 1987, the stipulation for the withdrawal of the bankruptcy petition on behalf of Woods, signed on November 30, 1987 modified December 2, 1987 and certified that "all creditors had been advised of this motion to dismiss." The case was dismissed and the case is closed.

This court was not notified of this action. It appears, given the complicated nature of this case, that perhaps all creditors of the Hudak law firm were not properly notified in this case and a general averment or certification to this effect is insufficient for this court.

The matter before me now involves the alleged contempt of a preliminary injunction entered by this court on September 30, 1987. This court's powers of contempt are not limited by the dismissal of the underlying action. The District Court's power to punish for contempt is inherent and includes the bankruptcy courts. *Preferred Surfacing, Inc. v. Gwinnett Bank & Trust Co.*, 400 F.Supp 280 (N.D.Ga.1975). Additionally, the defendant omits at least one important fact evident to this court upon inspection of the bankruptcy records. The underlying bankruptcy matter (87–1851) was not merely dismissed; it was dismissed pursuant to the stipulation for withdrawal of bankruptcy petition on behalf of G. Woods dated November 30, 1987. It would certainly, in the least, be inequitable for this court to allow any party to attempt to defeat the provisions of a preliminary injunction and avoid contempt by stipulating to a dismissal of another matter.

This court was not notified that the parties stipulated to the withdrawal of the related bankruptcy matter. It is the belief of this court that the parties may have consented to the withdrawal of the underlying bankruptcy matter illegally and may have perpetrated fraud on this court by failure to notify this court of its intention when all parties had actual knowledge that this court had taken jurisdiction of the adversary matter relating to the bankruptcy.

When this court accepted this case and acted in the issuance of a temporary restraining order, it did so also as a court of equity. With the aid of the parties, the temporary restraining order was eventually converted into a preliminary injunction, and thereafter, on October 1, 1988 into a permanent injunction. Under these circumstances, this court acted within the jurisdic-

tion granted in bankruptcy statutes because the jurisdiction did not supplant the statute providing that the district court of all civil actions arising under the laws of the United States, but merely supplemented that statute; therefore, the statute conferring upon the district court original jurisdiction of all civil actions arising under the laws of the United States provides an additional, independent basis for federal district court's jurisdiction in bankruptcy cases. A general order revesting original bankruptcy jurisdiction in the district court, as was done in this case, vests jurisdiction in the district judges as *district judges*. (Emphasis added.) *Matter of UNR Industries, Inc.*, 725 F.2d 1111 (7th Cir.1984). In any event, even if this action has been precipitously processed before an uninformed member of the bankruptcy court as did occur, the dismissal of the bankruptcy case does not mandate the dismissal of all pending adversary proceedings. *Stardust Inn, Inc. v. Doshi*, 70 B.R. 888 (Bkrtcy.E.D.Pa.1987). Further, even if the dismissal as averred exists as indicated in the docket of the bankruptcy proceeding, it would matter little because the jurisdiction granted to the bankruptcy court is broad and nothing in the statute governing jurisdiction of the bankruptcy court prohibits continuance of jurisdiction over an adversary proceeding, which arose in or was related to a bankruptcy case, following dismissal of the underlying bankruptcy case. *In re Pocklington*, 21 B.R. 199 (Bkrtcy.S. D.Cal.1982). The defendants by their motion to dismiss attempt to sidetrack this case.

If the bankruptcy judge who signed the dismissal order had been fully informed and had known that the district court had transferred and removed to that court the adversary proceeding involving the injunctive processes and hearings and the work and time that the district court had expended, it is doubtful that the judge would have allowed withdrawal of the bankruptcy case itself. Whether he did or did not have knowledge, the bankruptcy judge did not have jurisdiction to overrule or take over itself any matter which a district court judge was actively engaged in performing.

A bankruptcy court does not have such a power and this court neither approved the withdrawal of the bankruptcy action nor received notification of its removal, and it would not have agreed to relinquish its jurisdiction after the time involved and the serious consequences that could occur by an unthinkable action. To do so, would be a waste of the time and money for all involved in the injunctive proceeding and the contempt hearings which followed and would be an enormous injustice to the plaintiff in this case and to all related individuals who have suffered immensely because they would have been left in the same position as if the injunctive proceeding had never been brought. The hundreds of worried and helpless divorce and bankruptcy cases would still be stranded by such an insensitive and preposterous action. Furthermore, it would only open the gates to additional litigation in many ways by many people including that of the plaintiff himself.

Assuming, nevertheless, as a matter of consideration, of which this court does not approve, that the withdrawal of the bankruptcy proceeding on November 30, 1987, in the bankruptcy court ended the dependent action of the adversary matter taken over by this court on October 1, 1987 when it issued a permanent injunction, the defendant would not be helped even by the bankruptcy judges themselves. Even in the most controversial of cases, *In re Pocklington, Supra*, where a statement was made that as a general rule dismissal of a bankruptcy case results in the dismissal of all adversary proceedings filed in that case, the *Pocklington* court said that it did not follow that rule, but instead retained jurisdiction over an adversary proceeding without that bankruptcy court, even though the underlying bankruptcy case was dismissed. That judge also noted that Section 349 of the Bankruptcy Code clearly contemplates continuation of jurisdiction in appropriate circumstances. In another case, *In re Rush*, 49 B.R. 158 (Bkrtcy.N.D.Ala.1985), which held with the thinking of the judge in *Pocklington*, the judge in this case held that there was authority that an adversary

proceeding may have an individual life after the closing of the main bankruptcy case.

The majority of all the bankruptcy cases hold as did the judge in *Stardust Inn, Inc., Supra,* that "the court could retain jurisdiction over an adversary proceeding although the main bankruptcy case had been dismissed." Since this court had informed and made public as a matter of record that it accepted jurisdiction in this adversary proceeding, that it continues to act in its regard and expended a large amount of court time and research time, that it had two hearings on it and did not reject or deny its jurisdiction, but continues to perform arduously the burden which it has assumed in this injunctive proceeding as an adversary bankruptcy matter, I cannot permit it to be said than an uninformed bankruptcy judge could possibly deprive it of its jurisdiction. Accordingly, this third basis for the dismissal of this action before this court is completely without merit.

For all of the aforementioned reasons, the motion of the defendants will be denied.