**In re James Robert FOX and Donna Joann Fox, Debtors.**

**Bankruptcy No. 89–40005–PKE.**

United States Bankruptcy Court, D. South Dakota, S.D.

May 15, 1992.

J. Bruce Blake, Sioux Falls, S.D., for debtors.

Bruce J. Gering, Sioux Falls, S.D., for U.S. Trustee.

PEDER K. ECKER, Bankruptcy Judge.

On January 6, 1989, Debtors filed a voluntary Chapter 12 bankruptcy petition, and

on December 10, 1991, the case was dismissed by the Court. The order of dismissal states, "[T]he Court retains limited jurisdiction, for the sole and only purpose, of hearing a final application for compensation to be brought by debtors' attorney pursuant to § 330(a)." On January 21, 1992, a "Rule 2016(a) Final Application for Compensation and Reimbursement (Blake)" was filed by Sioux Falls Attorney J. Bruce Blake, attorney for Debtors. The application was filed less than 45 days after the case was dismissed and requested compensation and reimbursement for services that occurred between October 4, 1990, and January 15, 1992. Objection was filed on behalf of the United States Trustee by and through Sioux Falls Attorney Bruce J. Gering. An evidentiary hearing was held May 7, 1992, and the Court took the following issue under advisement: whether Debtors' counsel is entitled to seek court approval of fees for services rendered prior and subsequent to case dismissal via application pursuant to Bankruptcy Rule 2016(a) which provides for compensation *"from* the estate" when an objection to the application asserts that no estate exists after dismissal, rendering the application moot, but when the order of dismissal specifically retains court jurisdiction to resolve matters relating to fee compensation. For the following reasons, the Court concludes that Debtors' counsel is entitled to submit a fee application and obtain court approval for compensation and reimbursement relating to services rendered in this previously dismissed Chapter 12 case.

### THE COURT'S BROAD AUTHORITY OVER MATTERS OF FEES

■ There is considerable support for the proposition that jurisdiction may continue even though an underlying bankruptcy case has been dismissed. *Beneficial Trust Deeds v. Franklin,* 802 F.2d 324 (9th Cir. 1986); *Post v. Ewing,* 119 B.R. 566, 567 (S.D.Ohio 1989); *In re Pocklington,* 21 B.R. 199 (Bankr.S.D.Cal.1982). *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 2454–57, 110 L.Ed.2d 359 (1990); *In re Coones Ranch, Inc.,* Ch. 11 Case No. 91–40183–PKE, 1992 WL 111110 (Bankr.D.S.D. Mar. 9, 1992) (court has jurisdiction to consider a Rule 11 motion despite case dismissal). In particular, jurisdiction continues to exist to determine the propriety of matters concerning compensation. *In re Miranne,* 861 F.2d 1278 (5th Cir.1988); *Matter of Samford,* 125 B.R. 230 (E.D.Mo.1991); *In re Fricker,* 131 B.R. 932, 937–38 (Bankr.E.D.Pa.1991); *In re Lerch,* 85 B.R. 491, 493 (Bankr.N.D.Ill. 1988).

> "This court's duty of oversight of fee matters embraces a broad supervisory power over any fees charged in contemplation of, or in connection with, a bankruptcy case by both attorneys and lay persons, as provided in the Bankruptcy Code and Rules."

*In re Fricker,* 131 B.R. at 938, *citing In re Fleet,* 95 B.R. 319, 338 (E.D.Pa.1989). Bankruptcy Rule 2017 also indicates that a court has control over the payment of attorneys. Therefore, even if the order in this case had not retained jurisdiction over matters involving fees, this Court has jurisdiction over the final application filed by Mr. Blake, notwithstanding case dismissal. Awarding professional fees is as "intrinsically involved" as any other case administration matter. *Id.* Accordingly, this is a core proceeding as defined by 28 U.S.C. § 157(b)(2).

■ Counsel may only obtain or retain compensation upon court approval of fee applications which provide detailed information relative to the services provided. 8 L. King, *Collier on Bankruptcy* ¶ 2016.03 at 2016–15 (15th ed. 1983); *In re Fricker,* 131 B.R. at 940–41; *see also In re Peoples Savings Corp.,* 114 B.R. 151, 155 (Bankr. E.D.Ill.1990); *In re Hargis,* 73 B.R. 622, 626 (Bankr.N.D.Tex.1987) (counsel is only entitled to compensation after employment has been approved). Counsel in this case made application pursuant to the requirements set forth in Bankruptcy Rule 2016(a), which provides:

> "An entity seeking ... final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the ser-

vices rendered, time expended and expenses incurred, and (2) the amounts requested."

Bankruptcy Rule 2016(a). In response, the Code provides that after notice and hearing, the court may award compensation for services "based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title." 11 U.S.C. § 330(a)(1). The applicant bears the burden of proof in a request for approval of professional fees. *In re Yankton College*, 101 B.R. 151, 157–58 (Bankr.D.S.D.1989). In evaluating whether to approve the fees, several other factors may be considered:

1. the time and labor required
2. the novelty and difficulty of the questions
3. the skill required to perform legal services properly
4. the preclusion of employment due to acceptance of the case
5. the customary fee
6. whether the fee is fixed or contingent
7. time limitations imposed by the client or the circumstances
8. the amount involved and the results obtained
9. the experience, reputation, and ability of the attorneys
10. the undesirability of the case
11. the nature and length of the professional relationship with the client
12. awards in similar cases

*In re Grimes*, 115 B.R. 639 (Bankr.D.S.D. 1990). In this case, no objection was made to implicate any of these substantive factors, and, as such, the Court could approve this fee application "but for" a technical objection made by the United States Trustee.

## FILING FEE APPLICATIONS WHEN THE CASE IS DISMISSED

■ The United States Trustee challenges counsel's fee application based upon the prepositional phrase, "from the estate," contained in Bankruptcy Rule 2016(a). The argument is that since this Chapter 12 case was dismissed more than one month before Mr. Blake's fee application was filed, there is no estate from which to be paid; therefore, the application is moot. This argument requires an application to be filed prior to case dismissal and makes "timing" a critical element. Since a motion to dismiss a Chapter 12 case may be made by a debtor as well as any other party in interest, there may be some practical problems with this conclusion, and the Court is reluctant to hold that this phrase is intended to regulate or eliminate fee applications filed after a case is dismissed.

The Code provides that a Chapter 12 bankruptcy case may be dismissed after notice and hearing at the request of a party in interest. 11 U.S.C. § 1208. If counsel for debtor receives a notice of hearing on a motion to dismiss, counsel would then have to immediately complete and file an application pursuant to Bankruptcy Rule 2016(a), even though the case may not be dismissed, or, in the alternative, wait until the motion is heard and decided and risk the consequences of a "moot application" if the case is dismissed. The Code also states that applications for compensation or reimbursement of expenses may not be filed more than once every 120 days. 11 U.S.C. § 331. If the motion to dismiss is filed during this period of application prohibition and the applicant is unable to obtain an exception to Section 331 before the case is dismissed, the applicant's request for compensation would be rejected. Another scenario could exist as in *In re Travis*, 1991 WL 331675 (Bankr.D.S.D. Apr. 5, 1991), where an application for fees was objected to as being made prematurely since the objecting party believed the debtor could not "conceivably obtain confirmation" of a plan. *Id.* at 1. The court in *Travis* deferred approval of the fee application pending a resolution of a motion to convert. *Id.* A "moot application" objection could arise if there was a deferral pending resolution of a motion to dismiss. The impractical aspects and inequitable results that would arise if the language of the Rule were to control are troubling. If the Rule was

meant to regulate or weed out applications filed after case dismissal via this timing element, it seems there would be more emphasis placed on the phrase and that it would be written more precisely, such as "from the currently existing estate," for example. These are some of the practical problems encountered and inconsistencies found between Bankruptcy Rule 2016(a) and the Code if this phrase is allowed to control.

Bankruptcy Rule 2016(a) provides the procedural requirements necessary for a complete and proper fee application. The application is a means to obtain court approval of requested fees. The approval process does not provide a source of payment nor a guarantee of payment. The application is a tool for the court and is based upon a set of instructions from the Rule. It is the Bankruptcy Code that provides the applicable law used by the court to make a determination of application approval. There are no sections of the Bankruptcy Code that specifically premise the award of professional fees on the existence of an estate at the time the application is filed. No Code provision moots fee applications filed after a case is dismissed. Timing, as it relates to applications filed after case dismissal, is not one of the Code's elements that controls the approval of professional fees. Bankruptcy Rule 2016(a)'s phrase, "from the estate," should not be the bright line for disapproving fee requests. In some districts, local rules eliminate Bankruptcy Rule 2016(a)'s application process when the compensation sought is less than a certain dollar amount. *See In re Fricker*, 131 B.R. at 936, n. 1. Such a rule is proposed for the District of South Dakota and, if implemented, will state that absent an objection, debtor's counsel may be compensated without filing a fee application required by Bankruptcy Rule 2016(a) provided the total amount of compensation is less than a certain dollar amount.[1] Attorneys subject to such a local rule would avoid the "case dismissed-application moot"

objection since "from the estate" only exists in Bankruptcy Rule 2016(a).

This Court believes that the timing of a fee application, in situations similar to the case at hand, is not a controlling factor that should fatally flaw the request. The application is a request for court approval. The court can approve the request for compensation and reimbursement of expenses even though the case was previously dismissed. "There is no definite time established for the submission of an application for compensation. Such an application may, therefore, be submitted after the fact of payment has been accomplished." *In re Fricker*, 131 B.R. at 940.

### EXCEPTION TO 11 U.S.C. § 349 EFFECT OF DISMISSAL

■ 11 U.S.C. § 349 reserves to the court "the power to alter the normal effects" of a dismissed bankruptcy case if cause is shown. *In re Pocklington*, 21 B.R. 199 (Bankr.S.D.Cal.1982). The Code provides:

"(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

. . . .

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title."

11 U.S.C. § 349(b)(3). In this case, the Court did, in effect, order otherwise. The order dismissing Debtors' Chapter 12 case invoked the exception of Section 349(b)(3). The language of the order retained the final fee application issue. Retaining jurisdiction did not recreate the bankruptcy estate; rather, it prevented the immediate revesting of the estate, pursuant to 11 U.S.C. § 349(b)(3), for purposes of hearing Mr. Blake's final fee application. The United States Trustee's objection is thwarted with the exception of Section 349(b)(3).[2]

---

1. Local Bankruptcy Rule No. 315 is currently in the drafting stages by the Local Bankruptcy Rules Committee.

2. This rationale is consistent with the Court's ruling in two companion cases, *In re Thomas R. and Carleen M. Bird,* Ch. 13 Case No. 90–40007– PKE, and *In re Dennis Bird,* Ch. 13 Case No. 90–

"Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case." *Id.* at 202, *citing* H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 48–49 (1978); 1978 U.S.C.C.A.N. 5787. In this case, the Court entered an order dismissing the Chapter 12 bankruptcy case and ordered that Debtors' counsel was entitled to return to the Court and have a hearing on a final application for compensation pursuant to Section 330(a). Sustaining the United States Trustee's objection for lack of an existing estate at this point would be unfair to counsel who relied on the order to protect his right to obtain an award of compensation for services and reimbursement of expenses.

## CONCLUSION

Bankruptcy Rule 2016(a) provides a procedure to obtain court approval of requests for compensation and reimbursement of expenses. An application completed pursuant to the Rule provides the court with information necessary to make a determination, pursuant to the provisions of the Bankruptcy Code, if approval should be granted. Court approval of fee applications does not provide a source of payment nor a guarantee of payment. And since the Bankruptcy Code does not require a fee application to be filed before a case is dismissed, timing is not a controlling factor when making a determination of fee approval. Therefore, the court can approve fee applications filed pursuant to Bankruptcy Rule 2016(a) even though the underlying bankruptcy case has been dismissed.

The Code states that dismissing a case means that the property of the estate immediately revests to the entity in which the property was vested just prior to the commencement of the case, unless the court, for cause, orders otherwise. In situations where the order of dismissal specifically retains jurisdiction to hear matters relating to fee applications, the court has, in effect,

found cause to order otherwise, thus preventing the immediate revesting of property at the time of dismissal as to those matters specifically retained.

Mr. Blake shall submit an appropriate order.

---

40006–PKE, where the Court approved the disbursement of interim compensation and reimbursement even though the cases were dismissed. The language found in both orders to dismiss retained jurisdiction "to review any applications for approval of attorney fees."