**In the Matter of Lawrence John ROUSE and Mary Jo Rouse, Debtors.**

**Lawrence John ROUSE, and Mary Jo Rouse, Plaintiffs,**

v.

**FEDERAL LAND BANK ASSOCIATION OF NORTH CENTRAL MISSOURI, and U.S.A. for Farmers Home Administration, Defendants.**

**Bankruptcy No. 82–03293–SJ–11.**
**Adv. No. 85–0212–SJ–11.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 21, 1985.

Final Judgment July 22, 1985.

**32**

Steven D. Wolf, Omaha, Neb., for debtors.

Linda Parker Asst. U.S. Atty., Kansas City, Mo., for defendants.

David C. Stover, Lee's Summit, Mo., for Federal Land Bank.

ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE IN WRITING WITHIN 15 DAYS WHY COMPLAINT FOR SALE FREE AND CLEAR OF LIENS SHOULD NOT BE DISMISSED AS BEYOND THE AUTHORITY OF THE BANKRUPTCY COURT AND DISTRICT COURT UNDER THE RULE OF *MATTER OF HAMILTON,* CIVIL ACTION NO. 83–6070–CV–SJ (W.D.MO. MAY 14, 1984)

DENNIS J. STEWART, Bankruptcy Judge.

This is an adversary action in which the above named chapter 11 debtors seek an order of the bankruptcy court granting them leave to sell certain real property, which is more particularly described in connection with the within complaint, free and clear of the liens of the defendants.

The defendant Farmers Home Administration, in its answer to the complaint, states that the proposed sale of the real property would be for a price which, in effect, would cut off its junior lien interest, in whole or in part. Accordingly, it moves to dismiss this action on the authority of *Matter of Hamilton,* Civil Action No. 83–6070–CV–SJ (W.D.Mo. May 14, 1984), in which our district court held that debtors have no interest in any real estate in which they have no equity, that they accordingly lack standing to have the bankruptcy court determine the value of such property; and that, therefore, the bankruptcy court has no authority to make the determination.

 In many, if not most, contexts, the rule of *Matter of Hamilton, supra,* rests upon questionable foundations.[1] But, in

1. Section 506(a) of the Bankruptcy Code seems clearly to contemplate that the court of bankruptcy make the determination, on request of any party, that a creditor is secured to a certain extent and unsecured to a certain extent. The authorities under the section so indicate. A debtor ordinarily would have standing to claim lien avoidance as to the exempt portion of property in which there would be an equity. "Under Section 506(d), to the extent that a lien securing a claim is found to *exceed* the *value* of the bankruptcy estate's interest in the property, that part of the lien is *void* and that part of the claim is *unsecured.* It should be noted that if a party in interest does not request a valuation of the claim secured by the lien and the lien is not avoided under any other section of the Bankruptcy Code, the lien remains enforceable *in rem* in spite of a discharge in bankruptcy." Butler, *Valuation of Secured Claims under 11 U.S.C. 506(a),* 89 Commercial Law Journal 342, 343 (August-September 1984). (Emphases in original.). Thus, even if the contention is that there is no equity for the debtor, there may be a reason for making the determination. Further, it would seem that the bankruptcy court would

respect of a proposed sale free and clear of liens, its rule is buttressed by the traditional rule that, in order for a sale free and clear of liens to be authorized, it must be demonstrated that such a sale has a reasonable promise of realizing excess value over the balances due on the existing liens which can go into the bankruptcy estate.[2] When the plaintiffs, according to their own contentions, request to sell the property for less than the liens, it appears that the prerequisites for a sale free and clear of liens cannot be met.

■ Nor does it appear that this case can be referred to the district court as a non-core matter pursuant to § 157(c)(1), Title 28, United States Code. Under *Matter of Hamilton, supra,* the disabilities placed on the district court to decide a case such as that at bar are even more definite than those placed on the bankruptcy court. It is therefore

ORDERED that plaintiffs show cause in writing within 15 days of the date of entry of this order why this action should not be dismissed.

FINAL JUDGMENT OF DISMISSAL PURSUANT TO *MATTER OF HAMILTON,* CIVIL ACTION NO. 83–6070–CV–SJ (W.D.MO. MAY 14, 1984)

On June 21, 1985, this court issued its order directing the plaintiffs to show cause in writing within 15 days why the within complaint for sale free and clear of liens should not be dismissed as beyond the authority of the bankruptcy court and district court pursuant to the rule of *Matter of Hamilton, supra.* Although more than 15 days have since passed, no response to that

order has been filed. Accordingly, it is hereby,

ADJUDGED that this action be, and it is hereby, dismissed for the reasons stated in the show cause order of June 21, 1985.

have to make the determination in the first instance in order to find that there was no equity and accordingly no standing. But the *Hamilton* decision seems to say that the bankruptcy court cannot even perform this function, for its ruling was to vacate a bankruptcy court order so finding as an "advisory opinion." Even so, it is not ordinarily forbidden for a non-article III court to issue advisory opinions. "A federal court that is not subject to the limitations of Article III may, of course, be required to render an advisory opinion." 6A Moore's Federal Practice para. 57.12, p. 57–109, n. 2 (1983).

2. "In a complaint for an order to sell free of liens and encumbrances, it must, as a rule, be shown that there is a benefit to be expected for the general creditors—that is, a surplus over and above the total amount of encumbrances and sales expenses." 4B Collier on Bankruptcy para. 70.99, p. 1215 (14th ed. 1978).