In the Matter of Hugo E. POST and Norma Catherine Post, Appellees,

v.

Charles W. EWING, Appellant.

No. C-3-86-064.

Bankruptcy No. 3-82-01998.

United States District Court,
S.D. Ohio, W.D.

July 21, 1989.

Hugo and Norma Post, New Weston, Ohio, pro se.

Charles W. Ewing, Columbus, Ohio, pro se.

DECISION AND ENTRY AFFIRMING DECISION OF UNITED STATES BANKRUPTCY COURT OF NOVEMBER 14, 1985, IN CASE NO. 3-82-01998; THIS COURT *HAS* CONSIDERED THE JURISDICTION OF THE BANKRUPTCY COURT TO MAKE THE ORDER FROM WHICH THE APPEAL IS TAKEN TO THIS COURT; APPELLANT ORDERED TO RETURN THE FUNDS IN QUESTION TO THE DEBTORS–APPELLEES WITHIN 14 DAYS OF NOTICE OF THIS DECISION; TERMINATION ENTRY

RICE, District Judge.

## A. FACTS

In December of 1983, Hugo and Norma Post retained Charles Ewing in connection with their Chapter 11 bankruptcy. In early 1985, after Bankruptcy Judge Newsome ordered the Debtors to amend their disclosure statement and to revise their reorganization plan, Ewing demanded a partial pay-

ment from the Posts for his services. Ewing received an assignment of three checks from the Posts, totaling $3,750. The checks came from the operating income that the Posts were receiving on their dairy farm. At that time, though, the Posts' dairy farm was a part of the reorganization process. When Judge Newsome learned of this unapproved payment, he held a hearing and announced his intention to dismiss the Posts' case and to order Ewing to return the assigned fees. The Bankruptcy Court instructed Ewing to file a memorandum within 20 days supporting his entitlement to the $3,750. Judge Newsome dismissed the Posts' bankruptcy case a few days later.

Unfortunately, Mr. Ewing never returned the money and he never filed a memorandum with the Bankruptcy Court supporting his entitlement to the funds. On November 14, 1985, after the bankruptcy case had been dismissed, Judge Newsome entered an Order directing Ewing to return the $3,750 to the Posts. Mr. Ewing appealed that Order to this Court, which affirmed the Bankruptcy Court's decision. Then, Mr. Ewing appealed this Court's decision to the Sixth Circuit Court of Appeals. The Court of Appeals vacated this Court's judgment and remanded the case to this Court for a consideration and determination of a jurisdictional issue which the Court did not address in its prior judgment. 850 F.2d 692.

## B. ISSUE

Whether the Bankruptcy Court could retain jurisdiction to order the return of funds from Ewing *after* it had already dismissed the Posts' underlying bankruptcy proceeding.

## C. LAW & ARGUMENT

This Court's research indicates that there is considerable legal support for the proposition that a bankruptcy court's jurisdiction over certain matters may continue beyond its dismissal of the underlying bankruptcy case. In discussing the jurisdictional grant to the Bankruptcy Courts under 28 U.S.C. § 1471, Congress emphasized:

The jurisdiction granted is of all proceedings arising under Title 11 or arising under or related to a case under Title 11. The bill uses the term "proceedings" instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of Title 28, under which anything that occurs within a case is a proceeding. Thus, "proceeding" here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

The use of the term "proceeding," though, is not intended to confine the bankruptcy case. *Very often, issues will arise after the case is closed, such as over the validity of a purported reaffirmation agreement, proposed 11 U.S.C. 524(b), the existence of prohibited post-bankruptcy discrimination, proposed 11 U.S.C. 525, the validity of securities issued under a reorganization plan, and so on. The bankruptcy courts will be able to hear these proceedings because they arise under Title 11.*

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6400 (emphasis added).

More specifically, a number of recent cases have held that a bankruptcy court's jurisdiction can extend beyond the dismissal of an underlying bankruptcy case. In *Beneficial Trust Deeds v. Franklin*, 802 F.2d 324 (9th Cir.1986), the Court of Appeals for the Ninth Circuit held that a bankruptcy judge had subject matter jurisdiction over a declaratory judgment to construe the validity and effect of one of its own prior orders, notwithstanding the fact that the underlying bankruptcy case had already been dismissed. In reaching this conclusion, the appellate court reasoned as follows:

Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of moni-

toring whether those orders are ultimately executed in the intended manner. Requests for bankruptcy courts to construe their own orders *must* be considered to arise under Title 11 if the policies underlying the Code are to be effectively implemented.

*Id.* at 326 (emphasis added).

By characterizing a request to construe a prior order as a matter arising under Title 11, the Court of Appeals for the Ninth Circuit strategically placed such proceedings within the scope of the language contained in the congressional history of 28 U.S.C. § 1471. Since the request was a matter "arising" under Title 11, it could be heard by the bankruptcy court even after the underlying bankruptcy case was closed.

Furthermore, in *In Re Pocklington,* 21 B.R. 199 (Bankr.S.D.Cal.1982), the Bankruptcy Court for the Southern District of California held that the subject matter jurisdiction of a bankruptcy court could extend beyond the dismissal of an underlying bankruptcy case where it was necessary for the court to issue appropriate orders to protect the rights of individuals acquired in reliance on the bankruptcy case. The *Pocklington* court concluded:

> Section 349 of the Bankruptcy Code ... reserves to the Court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. Section 349 empowers the Court to issue appropriate orders to protect rights acquired in reliance on the bankruptcy case.
>
>     \*    \*    \*    \*    \*    \*
>
> The jurisdiction granted to the Bankruptcy Court under 28 U.S.C. § 1471 is broad. Nothing in § 1472 prohibits the continuation of jurisdiction over an adversary proceeding, which arose in or was related to a case under Title 11, following the dismissal of the underlying bankruptcy case. Section 349 of the Bankruptcy Code clearly contemplates continuation of jurisdiction in appropriate circumstances.

*Id.* at 202–03.

Unlike the appellate court in Beneficial Trust Deeds, the bankruptcy court in *Pock-*

*lington* seems to focus its inquiry on the special circumstances—particularly the element of reliance—surrounding the proceeding, rather than the issue of whether the proceeding arose under Title 11. A number of other cases have also adopted the "special circumstances" approach, basing the determination of whether a bankruptcy court's jurisdiction can continue on factors such as fairness to the parties, judicial economy, and the degree of difficulty to be presented by the issues involved in the proceeding. *See, e.g., In Re Stardust Inn, Inc.,* 70 B.R. 888 (Bankr.E.D.Pa.1987) (since case had already been tried in full before bankruptcy court and no difficult or unsettled issues of state or federal law had been raised, bankruptcy court retained jurisdiction); *In Re Lake Tahoe Land Co., Inc.,* 12 B.R. 479 (Bankr.Nev.1981) (bankruptcy court was only court with jurisdiction at time complaint was filed and statute of limitations had run on comparable state action while complaint was before bankruptcy court). *But see In Re G.W.F. Investment, Ltd.,* 85 B.R. 771 (Bankr.S.D. Ohio 1988) (since no "extenuating" circumstances were present, bankruptcy court would not retain jurisdiction after dismissal of underlying bankruptcy case).

However, regardless of the approach chosen, it would seem that there is a strong argument that the bankruptcy court's jurisdiction in the Posts' case should be extended beyond the dismissal of the underlying bankruptcy claim. The Posts' situation, like the situation in *Beneficial Trust Deeds,* demonstrates the necessity for allowing a bankruptcy court to monitor its orders—or in this case instructions—to determine whether such orders are being executed properly. The $3,750 involved herein was wrongfully acquired by the debtor's lawyer, Mr. Ewing, in direct relation to a Title 11 proceeding and Judge Newsome's instructions regarding the return of the money to the Posts were also a part of that Title 11 proceeding. Mr. Ewing blatantly ignored these instructions and refused to return the Posts' money. In this instance, denying the bankruptcy court jurisdiction to enter an Order to see that its prior

instructions were followed by Ewing would only serve to thwart the goals of the Bankruptcy Code and unjustly enrich Mr. Ewing. It would seem that under these circumstances, and in the interests of judicial economy and fairness, the bankruptcy court did indeed have jurisdiction over this matter to issue the Order from which the appeal has been taken to this Court—despite the fact that the underlying bankruptcy case had already been dismissed.

Having concluded that the Bankruptcy Court possessed the jurisdiction to issue the Order from which the appeal is taken to this Court and, further, having already concluded in its Decision and Entry of September 30, 1986 (Doc. # 6) that:

> The Appellant has failed to honor the request of Judge Newsome that he (the Appellant) support his entitlement to certain to funds of the Debtors being held in escrow and, further, the Court having reviewed Judge Newsome's Order of November 14, 1985 (the Order appealed from), and found that said Order is in accordance with law,

the Order of the Bankruptcy Court of November 14, 1985, appealed from herein, is affirmed by this Court upon appeal. The Appellant is ordered to return the funds in question to the Debtors–Appellees within 14 days from date of receipt of notice of this Decision, with interest thereon at the legal rate from November 14, 1985. The Court must be advised when said payment has been made or, in the alternative, if no payment is made, the Court must be likewise advised by the Debtors–Appellees.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.