**In re Joseph F. PERRONCELLO, Debtor.**

**Bankruptcy No. 92–12851–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

July 21, 1994.

Steven J. Marullo, Arthur M. Capozzo, Boston, MA, for debtor.

Gerald A. Hamelburg, Greenbaum, Nagel, Fisher & Hamelburg, Boston, MA, for Lojek Co., Inc.

## CORRECTED DECISION ON MOTION TO TRANSFER PROPERTY

WILLIAM C. HILLMAN, Bankruptcy Judge.

Joseph F. Perroncello ("Debtor") filed the present motion for permission to sell property at 36–38 Lewis Street, Boston, Massachusetts ("the Property") free of liens pursuant to 11 U.S.C. § 363 and Fed.R.Bankr.P. 6004. Lojek Company, Inc. ("Lojek"), a creditor, objected.

The following facts are agreed and constitute my findings of fact ass required by Fed.R.Bankr.P. 7052:

1. The property is encumbered by a first mortgage to First Trade Union Savings

Bank (the "Bank") with a balance of $685,-000.

2. Other encumbrances on the Property are a judicial lien by Lojek, which also covers a variety of other real estate owned by Debtor, and a tax lien in the amount of $56.00.

3. The proposed sale is to Debtor's father ("Joseph"), who has agreed to pay $385,000.

4. The Bank has agreed with Debtor that $385,000 is the fair market value of the Property. The Bank would accept that amount in satisfaction of its mortgage, waiving any deficiency claim against Debtor's estate and would finance the purchase by granting a mortgage to Joseph in the same amount.

5. Lojek agrees that the fair market value of the Property is less than the balance of the Bank's mortgage.

6. In addition to the payment to the Bank, Debtor proposes to pay $10,000 to Lojek, which Debtor deems to satisfy his obligations to Lojek under § 363(f).

### *Discussion*

Section 363(f) provides that

"The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

I have been directed to no applicable non-bankruptcy law which would authorize the results contemplated by clause (1) and there is no dispute as to Lojek's claim (4). Lojek's objection demonstrates that clause (2) is not applicable, and leaving me to address the knotty issue of the meaning of clauses (3) and (5) of the section.

The issue to be addressed is the applicability of "lien stripping" in the context of § 363(f) in a Chapter 11 case. That is, since both parties agree that the Lojek claim is (in bankruptcy jargon) completely under water as to the Property, should it be treated as a general unsecured claim for purposes of a § 363 sale? If so, Lojek's objection could be ignored. *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.)*, 75 B.R. 944, 948 (Bankr.N.D. Ohio 1987).

To resolve this issue I must determine the meaning of "value" in § 363(f)(3).

### *Lojek's Position*

Lojek argues that the "aggregate value of all liens" must be equated with the total amount required to satisfy all liens. It cites no authority, relying instead on a naked statement that any other result would be "unfair, inequitable and unconstitutional." However, the result Lojek seeks is supported by a significant number of cases. *See, e.g. In re Riverside Investment Partnership*, 674 F.2d 634, 640 (7th Cir.1982) ("As a general rule, the bankruptcy court should not order property sold 'free and clear of' liens unless the court is fully satisfied that the sale proceeds will fully compensate secured lienholders and produce some equity for the benefit of the bankrupt's estate."); *Scherer v. Federal National Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.)*, 159 B.R. 821, 827 (N.D.Ill.1993) ("An interpretation of § 363(f)(3) as protecting only actual value renders § 363(f)(5) superfluous."); *Richardson v. Pitt County (In re Stroud Wholesale, Inc.)*, 47 B.R. 999, 1002 (E.D.N.C.1985); *In re Heine*, 141 B.R. 185, 189 (Bankr.D.S.D. 1992) (value synonymous with amount); *In re Wing*, 63 B.R. 83, 85 (Bankr.M.D.Fla.1986); *Rouse v. Federal Land Bank (In re Rouse)*, 54 B.R. 31, 32 (Bankr.W.D.Mo.1985).

### *Debtor's Position*

Debtor's opposing argument is based primarily upon Judge Buschman's decision in *In re Beker Industries Corp.*, 63 B.R. 474 (Bankr.S.D.N.Y.1986). He found that "value" in this section had the same meaning as

in 11 U.S.C. § 506(a), which he emphasized as follows:

> "(a) An allowed claim of a creditor secured by a lien on property [of the estate] . . . is a secured claim to the extent of the *value* of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the *value* of such creditor's interest . . . is less than the amount of such allowed claim. Such *value* shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property. . . ." (emphasis added)

From this reading he drew the conclusion that

> "It is thus plainly indicated that the term 'value', as used in § 506(a) with respect to the interest of a secured creditor, means its actual value as determined by the Court, as distinguished from the amount of the lien. That indication and the last sentence of § 506(a) requiring determination of value upon disposition of an asset standing as collateral strongly support the conclusion that the term 'value', as employed in § 363(f)(3) is to be similarly interpreted."

*Id.* at 476.

He called the position of cases equating value with amount "a non-sequitur." *Id.* He also regarded the discussion in the legislative history that the sale price be greater than "the *amount* secured by the lien," H.R.Rep. No. 595, 95th Cong., 1st Sess., at 345 (1977), S.Rep. No. 989, 95th Cong., 2d Sess. at 56, as "colloquial" and lacking evidence that the reports "focused on the distinction between value and amount." *Id.*

### Discussion

■ The *Beker* analysis has been adopted by one district court in this Circuit, *In re WPRV–TV, Inc.,* 143 B.R. 315, 319–20 (D.P.R.1991), *aff'd in part without reference to this point,* 983 F.2d 336 (1st Cir.1993), where Chief Judge Gierbolini rejected the view that value equals amount as "a highly criticized and unduly strict interpretation of

the Bankruptcy Code." 143 B.R. at 319.[1] *Beker* has been followed in other jurisdictions. *See In re Oneida Lake Development, Inc.,* 114 B.R. 352 (Bankr.N.D.N.Y.1990); *In re Terrace Gardens Park Partnership,* 96 B.R. 707, 713 (Bankr.W.D.Tex.1989).

I am persuaded that "value" in the context of § 363(f)(3) can only mean face value rather than fair market value. I reach this conclusion based upon my interpretation of § 363(f)(5).

Even if the lien creditor is not fully satisfied from the proceeds of a sale, and even if the creditor objects to the sale, a court may still authorize the sale if the creditor "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction" of its claim. 11 U.S.C. § 363(f)(5).

■ The bankruptcy court has core jurisdiction to determine "allowance or disallowance of claims against the estate", "the validity, extent, or priority of liens" and "orders approving the sale of property." 28 U.S.C. § 157(b)(2)(B), (K) and (N). The tools provided by Congress to accomplish that end are valuation proceedings under 11 U.S.C. § 506(a) and cram down in Chapter 11 under 11 U.S.C. § 1129(b)(2). The result of either of those procedures is to quantify and compel a creditor to accept a money satisfaction of its claim. *See Hunt Energy Co. v. United States (In re Hunt Energy Co.),* 48 B.R. 472, 485 (Bankr.N.D.Ohio 1985) (as to § 1129).

I adopt the reasoning (if not the pronouns) of Judge Alesia in *Terrace Chalet Apartments, Ltd., supra:*

> "A trustee can cram down a secured creditor if s/he demonstrates (1) the trustee is not unfairly discriminating against the secured creditor, 11 U.S.C. § 1129(b)(1), (2) s/he is acting in good faith, 11 U.S.C. § 1129(a)(3)–(b)(1), and (3) the secured creditor is receiving *the actual value* of its claim. 11 U.S.C. § 1129(b)(2)(A)(i)(II).
>
> "However, if a trustee could demonstrate actual value and, consequently, sell the asset under Section 363(f)(3), s/he

---

1. Unlike Debtor, I do not believe that Judge Zobel has adopted *Beker sub silentio* by voicing disapproval of elements of *Stroud Wholesale, su-* *pra,* which are not relevant to the issue before me. *See International Union etc. v. Morse Tool, Inc.,* 85 B.R. 666 (D.Mass.1988).

would not labor to prove the two additional elements needed to sell the asset under Section 363(f)(5)."

159 B.R. at 827. *See also Stroud Wholesale,* 47 B.R. at 1003 (agrees in rehabilitation but not liquidation cases). To rule that "value" means fair market value in § 363(f)(3) would create a loophole permitting avoidance of the requirements of § 363(f)(5) through the use of § 363(f)(3).

 To accomplish a § 363(f) sale in this Chapter 11 case Debtor must demonstrate that its proposed plan incorporating the sale will not result in unfair discrimination against or in favor of Lojek's claim and is proposed in good faith. This will require a determination of the actual value of Lojek's claim against the Property and the other parcels of real estate subject to the lien.

### Conclusion

The motion is denied without prejudice to the filing of a further motion in accordance with this decision.