**In re David Wayne FISHER.**

**Charles Watson and Donna Watson, Plaintiffs,**

v.

**James J. Naples, Defendant.**

**Bankruptcy No. 95–51581.
Adversary No. 97–5117.**

United States Bankruptcy Court,
E.D. Texas,
Texarkana Division.

Sept. 30, 1999.

Raymond W. Jordan, Randall D. Goodwin, Crisp Jordan & Boyd, L.L.P., Texarkana, TX, David L. James, Miller, James, Miller, Wyly & Hornsby, L.L.P., Texarkana, TX, for plaintiff.

John E. Clark, Goode, Casseb & Jones, San Antonio, TX, Pamela Arnold Bassel, Law, Snakard & Gambill, P.C., Fort Worth, TX, for defendant.

Michael Gross, Tyler, TX, for standing Chapter 13 Trustee.

David Wayne Fisher, Houston, TX, debtor pro se.

## MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court is the Motion to Reopen Adversary Proceeding And For Reconsideration of Plaintiffs' Motion To Dismiss filed by James J. Naples, the Defendant in this Adversary proceeding. This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

David W. Fisher ("the Debtor") filed a voluntary petition under Chapter 13. Sev-eral plans were proposed but none was confirmed. The bankruptcy proceeding was ultimately dismissed but not before Teachers Federal Credit Union ("TFCU") and Charles and Donna Watson (the "Plaintiffs") each moved the Court to lift the automatic stay against certain real property in Bowie County, Texas, more particularly described in the record of the Court, but referred to generally as the Debtor's homestead and surrounding acreage (the "Property"). TFCU, as the owner and holder of the Note and Deed of Trust securing the Property, held the first lien. The Plaintiffs allege that they held a second lien on the Property. The Bankruptcy Court found that TFCU had a duly perfected security interest in the property and that the Debtor was in arrears in its payments to TFCU. The Court entered an order granting relief from the automatic stay.[1] Apparently, TFCU did not foreclose. Instead, TFCU transferred and assigned its note and the liens securing same to James J. Naples, the Defendant ("Naples"). Notice of the transfer of the lien and claim was filed with the Bankruptcy Court with notice to Charles Watson, among others, and Naples foreclosed on the Property.

The Plaintiffs filed this Complaint, praying that this Court set aside the foreclosure, cancel the foreclosure deed and cause it to be stricken from the record. Plaintiffs claim Naples' foreclosure on the Property was in violation of the automatic stay because the lifting of the stay was "personal" to TFCU. Naples filed an answer to the Complaint; a status conference on this adversary proceeding was set. At the regularly scheduled status conference, Naples was not represented and the Plaintiffs announced that because of the dismissal of the underlying bankruptcy case, they had just filed a motion to dismiss this adversary proceeding on the grounds that the

---

1. The hearings on the motions to terminate the automatic stay were heard and the orders entered by the late Hon. C. Houston Abel before the case was transferred to this Court.

Court no longer had jurisdiction to entertain the dispute between two non-debtor parties. The Court considered the motion at that hearing and granted it although it had been filed very recently, and Defendant had no opportunity to respond. The Court believed that Naples failure to appear indicated that he had no interest in pursuing the matter. This adversary proceeding was routinely closed immediately after the motion to dismiss was granted.

Promptly after the dismissal, Naples filed the instant Motion to Reopen the Adversary Proceeding and for Reconsideration of Plaintiff's Motion to Dismiss. Naples asserted that his attorneys, who were attorneys of record, had received no notice of the status conference and that he had had no opportunity to contest the motion to dismiss and that due process required that he be heard. Although the records of the Court indicate that Naples was personally served with notice of the status conference, it is clear that his attorneys received no notice and therefore, this Court decided that due process required its consideration of his opposition to the motion to dismiss and a hearing was scheduled at which the parties presented their cases. Although the matter is before this Court as a motion to reopen an adversary proceeding, it is simply a motion to determine whether the Court should retain jurisdiction of an adversary proceeding following the dismissal of the underlying bankruptcy case.

## DISCUSSION

■ This case began as a request by Plaintiffs to declare that the foreclosure sale conducted by Naples at which he purchased the property was void in violation of the automatic stay. Coupled with that claim are numerous other claims of irregularities in the manner in which the foreclosure sale was conducted which Plaintiffs contend are fatal flaws pursuant to Texas State law.

The claim that the foreclosure is void as being in violation of the automatic stay is based on the Plaintiffs' contention that the lifting of the stay pursuant to the motion filed by TFCU was personal to TFCU and that the transfer of the note and deed of trust to Naples gave him no relief from the automatic stay to allow him to proceed with foreclosure. They acknowledge that they were unable to find any jurisprudence supporting that position but urge this Court to find that the lifting of the stay in this instance was personal to TFCU and that the assignment of the note and deed of trust to Naples did not carry with it the relief from the automatic stay to allow the foreclosure. This Court rejects that position.

One could certainly envision a circumstance in which the provisions of the automatic stay might be modified in such a way as to give one particular creditor very limited recourse to state court action in order to protect the integrity of the bankruptcy estate during the reorganization process. One that quickly comes to mind is the normal circumstance in which the stay is lifted to allow domestic relations actions to proceed with determination of marital rights between the parties dealing with child custody, support and living arrangements while protecting the bankruptcy court's right to guard the estate's assets for the benefit of creditors. Another instance is the limited modification of the automatic stay to allow tort actions to proceed when any ultimate recovery will be limited to insurance proceeds and will not impact the bankruptcy estate. A review of the order entered by Judge Abel in this instance does not support such a finding. One might quibble with the wording of the order, which was obviously prepared by TFCU's attorney but it is clear that the intent of that order is to remove this property from the protection of the automatic stay under bankruptcy to allow the creditor to proceed with state court foreclosure. It should also be noted that the Plaintiffs in this action had filed their own motion

for relief from stay and had entered into some sort of an agreed judgment with the Debtor in regards to that motion. Clearly, there was no limited modification of the stay while preserving some interest in the property for the bankruptcy estate. These judgments constitute a recognition that the bankruptcy estate has no interest in this property.

▮▮▮ The underlying issue of whether the automatic stay was violated is a core proceeding over which the Bankruptcy Court has jurisdiction. 28 U.S.C. § 157(a) and (b)(2)(G). Moreover, the bankruptcy court [is] "in the best position to interpret its own orders." *Texas N.W. Ry. Co. v. Atchison, Topeka and Santa Fe Ry. Co. (In re Chicago, Rock Island & Pac. R.R. Co.),* 860 F.2d 267, 272 (7th Cir.1988). Accord *Hastert v. Illinois St. Bd. of Elect. Comm'rs,* 28 F.3d 1430, 1438 (7th Cir. 1993). *See also In re Skaggs,* 183 B.R. 129 (Bkrtcy.E.D.Ky.1995). "Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended matter. Requests for bankruptcy courts to construe their own orders must be considered to arise under Title 11 if the policies underlying the Code are to be effectively implemented. *Post v. Ewing* 119 B.R. 566 (S.D.Ohio 1989), *citing Beneficial Trust Deeds v. Franklin,* 802 F.2d 324, 326 (9th Cir.1986)." *In re Heine,* 141 B.R. 185, 188 (Bkrtcy.D.S.D.1992).

However, the merits of the underlying complaint are not before the Court at this time. The issue before the Court is whether or not this adversary proceeding should be retained in the Court for adjudication or dismissed as the Plaintiffs have requested. Apparently, the Plaintiffs recognize that this Court has no jurisdiction nor interest in the proceeding and have proceeded with an action in state court dealing with all of the issues surrounding what they claim to be an improper foreclosure by the Defendant in this adversary proceeding. The claim, of violation of the automatic stay, is only one part of their action. On the other hand, the Defendant, while arguing that the stay has been lifted, urges this Court to retain jurisdiction of the proceeding to make that determination.

This Court has reviewed the matter thoroughly. In particular, the Court reviewed the record and the orders filed in the main bankruptcy case respecting the automatic stay against the Property. This Court concludes that the Motion to grant the relief sought is unnecessary and therefore must be denied. To reopen this case and reconsider the order of dismissal for the purpose of clarifying the order terminating the automatic stay as against the Property is unnecessary because it is clear to this Court that the only reasonable interpretation of Judge Abel's order of is that the order lifted the automatic stay to allow foreclosure on the Property. It matters not whether the foreclosure proceeding itself was done by TFCU or Naples, because the automatic stay under § 362 as against the Property, lifted upon the Order becoming final. The Plaintiffs in this adversary proceeding attempt to create a problem and to obfuscate the facts with issues of the interrelationships of State and Federal law and of foreclosure and automatic stay law. This gambit fails because there is no such entwining of those issues based upon the instant facts. Any other interpretation of the content or intent of the order results in an absurdity.

Additionally, and perhaps more importantly, the Court must deny the request to maintain jurisdiction of this adversary proceeding for reasons set-forth *In the Matter of Querner,* 7 F.3d 1199 (5th Cir.1993). In the *Querner* case, the Fifth Circuit joined the Third, Ninth and Eleventh Circuits in holding that as a general rule the dismissal or closing of a bankruptcy case should

result in the dismissal of all related proceedings. The Court discusses in detail the guidelines that the lower courts are to follow in determining whether retention of jurisdiction is proper in a particular case. The Court roughly lays out the same standards for bankruptcy courts to follow in determining whether to retain jurisdiction of disputes related to the bankruptcy proceeding as that followed by district courts in determining whether to retain pendant state court claims after dismissal of federal claims. Those factors are economy, convenience, fairness, and comity. In the instant case, none of those factors mitigate in favor of this Court involving itself in the dispute between these two non-debtor parties. There is no economy of Court time for this Court to attempt to adjudicate this dispute. The major part of the dispute deals with a claim of improper foreclosure procedure and a claim that TFCU has in some way breeched an understanding the Plaintiffs had with it concerning TFCU's obligation to protect the Plaintiffs' rights as second lien holders in the event of a foreclosure and these are peculiarly state law questions which should be litigated in the pending proceeding in state court. This Court is certainly not as convenient as the state court in the county in which the property is situated for the resolution of the dispute and there is no reason to believe that the considerations of fairness would require any procedure in this Court. Certainly comity with state courts would mandate that this Court not involve itself in interpreting state law jurisprudence when there is a pending action in state court where all of these matters can better be heard. In short, the only issue that could conceivably give this Court any reason to retain jurisdiction turns out to be a non-issue when one examines the judgment granting relief from the stay. This adversary proceeding is dismissed and the Motion to Reopen or Reconsider must be DENIED.

## CONCLUSION

The Motion must be denied for the foregoing reasons and because this Court cannot grant any meaningful relief to the Plaintiffs. An order will be entered accordingly.

## *ORDER*

Now before the Court is the Motion to Reopen Adversary Proceeding And For Reconsideration of Plaintiffs' Motion To Dismiss filed by James J. Naples, the Defendant in this Adversary proceeding. The matter came before the Court pursuant to regular setting when the Court considered the evidence, the arguments of counsel, the entire record in these proceedings, including the main bankruptcy case record, and for the reasons contained in a written opinion dated contemporaneously herewith,

It is ORDERED, ADJUDGED and DECREED that the Motion to Reopen the Adversary Proceeding and for Reconsideration of the order of dismissal should be, and hereby is, DENIED.